# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND RAY ROBISON,<br><br>   Petitioner,<br><br> v.<br><br>TOM MARSHALL, Warden,<br><br>   Respondent. | 1:05-cv-01019-OWW-TAG HC<br><br>ORDER REQUIRING PETITIONER TO SUBMIT AMENDED PETITION<br><br>ORDER DIRECTING CLERK OF COURT TO SEND PETITIONER A BLANK FORM FOR HABEAS PETITIONERS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On July 13, 2005, Petitioner filed the instant petition for writ of habeas corpus. (Doc. 1). Petitioner sets forth the following grounds for relief: (1) The state court erred in claiming that the "five-year washout" period for receiving a Proposition 36 sentence started after Petitioner's 1981 conviction; (2) The court erred in claiming that any of Petitioner's convictions between 1981 and 1988 were either "serious" or "violent" felonies; (3) Petitioner's state court habeas petitions establish that Petitioner meets the requirements for a Proposition 36 sentence; and (4) ineffective assistance of counsel in counsel's failure to object to the court's stance on Proposition 36 at the plea hearing. (Doc. 1, pp. 5-6).

## **DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule

4 of the Rules Governing § 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). See also Rule 1 to the Rules Governing § 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claims in state court resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. Federal habeas review is limited to claims that are set out as described above.

In this case, Petitioner fails to allege a violation of the Constitution in three of his four grounds for relief. Ground One, Two, and Three all involve the failure of the state trial court to properly interpret and apply the provisions of Proposition 36, now codified in California as a law permitting, the permits, under certain circumstances, a person charged with a drug-related crime to receive drug treatment in lieu of a prison sentence. The petition alleges that the state court did not follow California law in applying Proposition 36. In none of these three grounds for relief, however, does Petitioner allege a violation of the United States Constitution.[1]

---

[1] In Ground Four, Petitioner alleges that he received the ineffective assistance of trial counsel. Although Petitioner does not specifically allege a violation of the Constitution, the

"[T]he availability of a claim under state law does not of itself establish that a claim was available under the United States Constitution." Sawyer v. Smith, 497 U.S. 227, 239 (1990), quoting, Dugger v. Adams, 489 U.S. 401, 409 (1989).  Grounds One, Two and Three do not "call into question the lawfulness of conviction or confinement." Heck v. Humphrey, 512 U.S. 477, 481 (1994).  Furthermore, Petitioner does not allege that the adjudication of his claims in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, . . . or resulted in a decision that was based on an unreasonable determination of the facts . . . ." 28 U.S.C. § 2254.

The Court will grant Petitioner leave to file an amended petition, in which he either withdraws the claims that are based only on state law grounds, or he alleges claims that have a basis in federal constitutional law.  Moreover, should Petitioner re-allege his claim of ineffective assistance, he should indicate with specificity which federal constitutional right he is basing that claim upon.

**ORDER**

Accordingly, the Court HEREBY ORDERS as follows:

1. Petitioner is ORDERED TO AMEND his petition within thirty (30) days of the date of service of this order.  Petitioner must allege a constitutional violation with respect to Grounds One, Two and Three, and must specify which federal constitutional right he is basing Ground Four upon. **Petitioner is advised that the document should be entitled "Amended Petition for Writ of Habeas Corpus."** Petitioner is advised that the petition must set forth all of the claims, including all the facts and arguments in support of those claims.  Petitioner must allege constitutional violations which are cognizable on federal habeas review.

2. The Clerk of Court is DIRECTED to send Petitioner forms for filing a petition for writ of habeas corpus.

///

///

---

Court understands Petitioner to refer to a denial of his rights under the Sixth Amendment.

1 | Petitioner is forewarned that failure to follow this order will result in a recommendation
2 | that the petition be dismissed pursuant to Local Rule 11-110.

4 | IT IS SO ORDERED.

5 | Dated:   **March 20, 2007**                                             /s/ **Theresa A. Goldner**
   | **j6eb3d**                                                  UNITED STATES MAGISTRATE JUDGE