# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND RAY ROBISON, ) | 1:05-cv-01019-TAG HC |
| ) | |
| Petitioner, ) | ORDER DENYING AMENDED PETITION |
| ) | FOR WRIT OF HABEAS CORPUS (Doc. 13) |
| v. ) | |
| ) | ORDER DIRECTING CLERK OF COURT |
| TOM MARSHALL, ) | TO ENTER JUDGMENT IN FAVOR OF |
| ) | RESPONDENT |
| Respondent. ) | |
| ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

When the instant petition was filed, Petitioner was in custody of the California Department of Corrections and Rehabilitation serving a sentence of six years, pursuant to a 2003 judgment of the Superior Court of California for the County of Kern ("Superior Court"), following his conviction upon nolo contendere plea for possession a controlled substance (methamphetamine), a violation of California Health & Safety Code § 11377(a). (Lodged Document ("LD") 4).

Petitioner did not appeal his conviction, but instead filed various state habeas corpus petitions, as follows: (1) in the Superior Court on July 10, 2003, denied on July 14, 2003 (LD 1& 2); (2) in the Superior Court on September 25, 2003, denied on October 9, 2003 (LD 3 & 4); (3) in the Superior Court on October 30, 2003, denied on November 24, 2003 (LD 5 & 6); (4) in the California Court of Appeal, Fifth Appellate District ("5th DCA") on December 10, 2003, denied on December 18, 2003 (LD 7 & 8); (5) in the California Supreme Court, denied on September 1, 2004 (Doc. 13, Exh. A, p. 15); and (6) in the Superior Court on October 21, 2004, denied on December 17, 2004.

(LD 9 & 10).

On July 13, 2005, Petitioner filed his original habeas corpus petition in the Sacramento Division of this Court. (Doc. 1). On August 8, 2005, the matter was transferred to the Fresno Division. (Doc. 5). On April 19, 2007, Petitioner filed an amended petition. (Doc. 13). On February 21, 2008, Respondent filed an answer. (Doc. 18). On May 1, 2008, all parties having consented to the jurisdiction of the Magistrate Judge, the matter was reassigned to the Magistrate Judge for all purposes. (Doc. 22).

**FACTUAL BACKGROUND**

Apart from the procedural history discussed above, there are no additional facts relating to the underlying offense in this case that have been made part of the record. As discussed previously, Petitioner pleaded nolo contendere before trial and did not file a direct appeal. Hence, there was no formal evidence presented against Petitioner nor was there an appellate opinion that sets forth the facts of the underlying offense. Since the issues raised in the amended petition and discussed below do not rely upon the facts of the underlying crime, the Court can rule on the amended petition without a factual background regarding the underlying crime.

**DISCUSSION**

I. Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n. 7, 120 S. Ct. 1495 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. The challenged conviction arises out of the Kern County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(d). Accordingly, the Court has jurisdiction over this action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 326, 117 S. Ct. 2059 (1997); Jeffries v. Wood, 114 F.3d 1484, 1500 (9th Cir. 1997)(en banc); overruled on other grounds by Lindh v. Murphy, 521 U.S. 320. The instant

petition was filed on July 13, 2005, after the enactment of the AEDPA, and thus it is governed by the AEDPA.

## II. Legal standard of review

A petition for writ of habeas corpus under 28 U.S.C. 2254(d) will not be granted unless the adjudication of a prisoner's claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 538 U.S. 63, 70-71, 123 S. Ct. 1166 (2003); Williams v. Taylor, 529 U.S. at 412-413.

The first prong of federal habeas review involves the "contrary to" and "unreasonable application" clauses of 28 U.S.C. § 2254(d)(1). This prong pertains to questions of law and mixed questions of law and fact. Williams v. Taylor, 529 U.S. at 407-410; Davis v. Woodford, 384 F.3d 628, 637 (9th Cir. 2004). A state court decision is "contrary to" clearly established federal law "if it applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or if it confronts a set of facts that is materially indistinguishable from a [Supreme Court] decision but reaches a different result." Brown v. Payton, 544 U.S. 133, 141, 125 S. Ct. 1432 (2005)(citing Williams v. Taylor, 529 U.S. at 405, and Early v. Packer, 537 U.S. 3, 8, 123 S. Ct. 362 (2002)). A state court decision involves an "unreasonable application" of clearly established federal law "if the state court applies [the Supreme Court's] precedents to the facts in an objectively unreasonable manner." Brown v. Payton, 544 U.S. at 141(citing Williams v. Taylor, 529 U.S. at 405 and Woodford v. Visciotti, 537 U.S. 19, 24-25, 123 S. Ct. 357 (2002)(per curium)).

A federal court may not grant habeas relief simply because the state court's decision is incorrect or erroneous; the state court's decision must also be objectively unreasonable. Wiggins v. Smith, 539 U.S. 510, 520-521, 123 S. Ct. 2527 (2003)(citing Williams v. Taylor, 529 U.S. at 409). Section 2254(d)(1)'s reference to "clearly established Federal law" refers to "the governing legal principle or principles set forth by [the Supreme Court] at the time a state court renders its decision." Lockyer v. Andrade, 538 U.S. at 64; Barker v. Fleming, 423 F. 3d 1085, 1093 (9th Cir. 2005).

The second prong of federal habeas review is the "unreasonable determination" clause of 28 U.S.C. § 2254(d)(2). This prong pertains to state court decisions based on factual determinations, and provides relief only when the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court. Davis v. Woodford, 384 F. 3d at 637(citing Miller-El v. Cockrell, 537 U.S. 322, 123 S. Ct. 1029, 1041 (2003)). The AEDPA requires that considerable deference be given to state court factual determinations. "Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding, § 2254(d)(2)." Miller-El v. Cockrell, 537 U.S. at 340. A state court factual determination is unreasonable when it is "so clearly incorrect that it would not be debatable among reasonable jurists." Jeffries v. Wood, 114 F. 3d at 1500 (citing Drinkard v. Johnson, 97 F. 3d 751, 769 (5th Cir. 1996) and Moore v. Johnson, 101 F. 3d 1069, 1076 (5th Cir. 1996)); see Taylor v. Maddox, 366 F.3d 992, 999-1001 (9th Cir. 2004), cert. denied, Maddox v. Taylor, 543 U.S. 1038 (2004). When a factual determination is "more debatable," the Ninth Circuit has instructed that "[a] responsible, thoughtful answer reached after a full opportunity to litigate is adequate to support the judgment." Jeffries v. Wood. 114 F. 3d at 1500 (citing Lindh v. Murphy, 96 F. 3d at 871).

To determine whether habeas relief is available under § 2254(d), the federal court looks to the last reasoned state court decision as the basis of the state court's decision. Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). Where the state court decided the petitioner's claims on the merits but provided no reasoning for its decision, the federal habeas court must independently review the record to determine whether habeas corpus relief is available under § 2254(d). Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003); Delgado v. Lewis, 223 F.3d 976, 981-982 (9th Cir. 2000). Where the state court denied the petitioner's claims on procedural grounds or did not decide them on the merits, the deferential standard of the AEDPA do not apply and the federal court must review the petitioner's 's claims de novo. Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002).

III. Review of Petitioner's claims

The instant petition alleges the following sole ground for relief:

> "[D]enial of state law based right of probation pursuant to Penal Code 1210.1(a)[.] Trial court judge abused discretion by arbitrarily sentencing petitioner to Prison instead of Probation and a Drug Treatment Program, pursuant to "Proposition 36" (Penal Code 1210.0-1210.1(b)(1))[.] Petitioner met all criteria, was "eligible." On habeas corpus petition Appellate Division misconstrued facts."

(Doc. 13, p. 4).

### A. The amended petition should be dismissed because it is not exhausted

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S. Ct. 2546 (1991); Rose v. Lundy, 455 U.S. 509, 518. 102 S. Ct. 1198 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887 (1995); Picard v. Connor, 404 U.S. 270, 276, 92 S. Ct. 509 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 8-9, 112 S.Ct. 1715 (1992), superceded by statute as stated in Williams v. Taylor, 529 U.S. 420, 432-434, 120 S. Ct. 1479 (2000) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-366; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks

omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982)), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds, see e.g., Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

In the amended petition before the Court, Petitioner raises a single ground for relief.  In his amended petition, Petitioner does not indicate that he has ever presented this claim to the California Supreme Court.  (Doc. 13, p. 3).  Petitioner did include a copy of a "silent denial" from the California Supreme Court in case no. S121926.  (Doc. 13, Exh. A, p. 5).  However, Petitioner has not supplied a copy of the petition in that case; therefore, the Court has not been informed about what issues were raised in that petition before the California Supreme Court.[1]

Respondent has lodged documents with the Court that establish that Petitioner raised in the 5th DCA the issue of the sentencing court's failure to make a Proposition 36 referral.  (LD 7). However, absent evidence that the same issue was also presented to the California Supreme Court, this Court cannot simply assume that Petitioner "fairly presented" that issue to the highest state court.

///

---

[1] Respondent indicated that he has requested, but not received, a copy of that petition.  (Doc. 18, p. 3, fn. 2).

From the foregoing, the Court concludes that Petitioner has not presented his claim to the California Supreme Court as required by the exhaustion doctrine. Because Petitioner has not presented his claims for federal relief to the California Supreme Court, the Court must dismiss the petition. See Calderon v. United States Dist. Court, 107 F.3d 756, 760 (9th Cir. 1997)(en banc); Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997). The Court cannot consider a petition that is entirely unexhausted. Rose v. Lundy, 455 U.S. 509, 521-522, 102 S. Ct. 1198 (1982); Calderon, 107 F.3d at 760.

B. Petitioner fails to state a federal claim

The basic scope of habeas corpus is prescribed by statute. Subsection (a) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). See also Rule 1 to the Rules Governing § 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . .." Preiser v. Rodriguez, 411 U.S. 475, 484, 93 S. Ct. 1827 (1973). Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claims in state court resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. Federal habeas review is limited to claims that are set out as described above.

In this case, Petitioner fails to allege a violation of the Constitution in the amended petition. Rather, he alleges that the state courts failed to properly adhere to the requirements and dictates of "Proposition 36," a state law enacted to divert certain drug offenders into rehabilitation programs in lieu of prison. In this claim for relief, Petitioner fails to allege any violation of the United States Constitution, nor does he cite any federal authority—either case or statute–which was violated by the

California courts' application of California law.  "[T]he availability of a claim under state law does not of itself establish that a claim was available under the United States Constitution." Sawyer v. Smith, 497 U.S. 227, 239, 110 S. Ct. 2822 (1990)(quoting Dugger v. Adams, 489 U.S. 401, 409, 109 S. Ct. 1211 (1989).  Thus, the claim does not "call into question the lawfulness of conviction or confinement." Heck v. Humphrey, 512 U.S. 477, 481, 114 S. Ct. 2364 (1994).  Petitioner is quite explicit in stating that his claim is founded upon a violation of California state law.  (Doc. 13, p. 4).

Furthermore, Petitioner does not allege that the adjudication of his claim in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, . . . or resulted in a decision that was based on an unreasonable determination of the facts . . .." 28 U.S.C. § 2254.  Under those circumstances, the amended petition fails to state a claim upon which habeas relief can be granted and must, therefore, be dismissed.

C. The Court must defer to California's interpretation of its own laws

Even were Petitioner's claim reviewable in some fashion in these proceedings, this Court would be bound by the state court's interpretation and application of its own state laws.  As mentioned, a federal court may only grant a petition for writ of habeas corpus if the petitioner is in custody in violation of the Constitution and clearly established federal law.  28 U.S.C. § 2254. Habeas corpus relief is not available to correct alleged errors in the state court's application or interpretation of state law. Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475 (1991)("Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); Middleton v. Cupp, 768 F.2d 1083, 1084-1085 (9th Cir.1985).

This Court must accept the state court's interpretation of its own law. Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996).  "State courts are the ultimate expositors of state law." Mullaney v. Wilbur, 421 U.S. 684, 691, 95 S.Ct. 1881 (1975).  Federal courts are bound by state court rulings on questions of state law. Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir. 1989).  The only exception is that rare circumstance where the state court's interpretation is an obvious subterfuge to evade a federal issue. Mullaney, 421 U.S. at 691; Peltier v. Wright, 15 F.3d 860, 862 (9th Cir. 1994).  There is no such obvious subterfuge here, and the Court must therefore accept the California

courts' construction of the requirements for a Proposition 36 referral and its conclusion that Petitioner does not meet those requirements.  In this circumstance, this Court must presume that state courts have properly applied their own law.  Woratzeck v. Stewart, 97 F.3d 329, 336 (9th 1996).

Where, as is the case here, a petitioner asserts that the state court has misapplied the state court's sentencing laws,[2] a federal court may not review the facts and decide for itself whether it believes the state court applied the sentencing law correctly.  Miller v. Vasquez, 868 F.2d 1116, 1118 (1989).  Without more, an assertion that a state court misapplied "its own sentencing laws does not justify federal habeas relief."  Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994).

The only way a petitioner can obtain habeas relief for the California state court's incorrect application of California's law, is to allege that the state court's action was arbitrary, discriminatory, or so fundamentally unfair that petitioner was denied due process under the Fourteenth Amendment. See Cooks v. Spalding, 660 F.2d 738, 739 (9th Cir.1981); Kennick v. Superior Court of State of Cal., 736 F.2d 1277, 1280 (9th Cir.1984).  Petitioner has made no such allegation.

Thus, even assuming that the Court were to address the merits of Petitioner's *state law* claim, the Court would necessarily have to defer to the State of California's interpretation and application of its own laws.  Since the state courts concluded that Proposition 36 was not applicable to Petitioner, even were this Court disposed to address the merits of the state law claim, the Court would have to accept the state court's decision in this regard and could not insert its own interpretation of California law for that of the California courts.

For all of the reasons set forth above, the Court concludes that the state court's adjudication rejecting Petitioner's claim of a violation of California law in failing to sentence him to a "Proposition 36" program was not contrary to nor an unreasonable application of clearly established federal law.

///

---

[2] Unlike some state prisoners who attempt, with varying degrees of success, to "federalize" an essentially state court claim by making "drive by" citations to federal law, Petitioner here clearly and unequivocally asserts that the gravamen of his claim is a "denial of state law...." (Doc. 13, p. 4). The description of the claim is devoid of any reference to federal law, either case, statute, or constitutional provision. Under those circumstances, there can be no doubt that Petitioner is attempting to state only a violation of state law, not a violation of federal constitutional law.

**ORDER**

Accordingly, for the reasons set forth above, the amended petition for writ of habeas corpus (Doc. 13), is DENIED with prejudice.

The Clerk of Court is DIRECTED to enter judgment in favor of Respondent and close the file.

IT IS SO ORDERED.

Dated:   **August 25, 2008**                                            **/s/ Theresa A. Goldner**
                                                                                 UNITED STATES MAGISTRATE JUDGE